SULLIVAN, Justice,
dissenting.
The Court's opinion details Judge Grant Hawkins's misconduct and I coneur with the Court's findings except that I agree with the Masters that the Commission proved the allegations in Counts V through VIII by clear and convincing evidence. Balancing mitigating circumstances against the weight of the misconduct, I believe that Judge Hawkins should be suspended from office for one year.
I believe a more severe sanction than a 60 day suspension is warranted by four aspects of this case.
First, the facts of this case make clear (including this Court's listing of seven other post-conviction cases with delayed rulings) that Judge Hawkins did not organize and manage the court and its staff in a way that assured prompt and conscientious attention to claims of improper incarceration. This is a matter of grave concern in Criminal Division 5, where the men and women charged, tried, convicted, and sentenced, including those who subsequently seek post-conviction relief, are often individuals with the most significant of liberty interests at stake.
Second, Judge Hawkins did not give Mr. Buntin's case the prompt and conscientious attention that it deserved, even when it became the subject of an allegation of judicial misconduct. The Commission's counsel called Judge Hawkins about the matter in early March; Judge Hawkins did not grant Buntin relief until April 20. Sometimes the wheels of justice turn slowly for good reasons. But here the delay was entirely attributable to Judge Hawkins not giving the matter adequate attention. Even after the Buntin order was finally issued on March 8, it took additional prompting by Buntin's family for Judge Hawkins to cause the order to be entered into the CCS (on March 27) and to schedule a hearing on supplementary orders as to retrial or discharge (held April 20).
Third, Judge Hawking's failure to report to the Commission when the Buntin file had been located and an order had been issued, his misrepresentation about archiving the file, his failure to secure evidence of the unprocessed order, and his misrepresentation about the "post-it note," seriously complicated the Commission's investigation and constituted additional misconduct in its own right. Contrary to the view of the Court, I agree with the Masters that these charges were proven, adding only that most of them require credibility determinations that the Masters were in a better position to make than we.
Lastly, I am influenced by the unanimous conclusion of our Masters, each a seasoned veteran of the trial bench with extensive experience in criminal and post-conviction matters, when they recommend that Judge Hawkins be removed from office:
We reach these conclusions with great regret and after much thought and do not make this recommendation light *249 ly.... The Masters believe, however, the mistakes made in this case were so critical, the loss of liberty so significant, and the Judge's response so lacking, that we as trial judges would not carry out our duty as Masters unless we called for a significant sanction.
My analysis of Judge Hawkins's misconduct, standing alone, is that it warrants a two year suspension from office. He did not organize or manage his court to assure prompt and conscientious attention to the liberty interests of incarcerated persons in general or to Mr. Buntin in particular. He impeded the Commission's investigation of his case and it is the considered judgment of the Masters that he be removed from office.
But, in my view, Judge Hawking's misconduct does not stand alone. His sancetion should be mitigated by his years of exemplary service to the bench and bar of this State.
Balancing the mitigating circumstances against the weight of the misconduct itself, I would suspend Judge Hawkins from office for one year.